IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE RENCO GROUP, INC., | § | |
| | § | |
| Plaintiff Below-Appellant, | § | No. 158, 2015 |
| | § | |
| v. | § | |
| | § | |
| MacANDREWS AMG HOLDINGS LLC, MacANDREWS & FORBES, INC., and RONALD O. PERELMAN, | § | Court Below: Court of Chancery of the State of Delaware C.A. No. 7668 |
| | § | |
| Defendants Below-Appellees, | § | |
| | § | |
| and | § | |
| | § | |
| AM GENERAL HOLDINGS LLC, | § | |
| | § | |
| Nominal Defendant Below-Appellee. | § | |

Submitted: April 27, 2015
Decided: April 30, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

# O R D E R

This 30th day of April 2015, it appears to the Court that:

(1) The plaintiff-appellant, The Renco Group, Inc. ("Renco"), has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from an interlocutory order of the Court of Chancery, dated March 18, 2015, which

implemented a memorandum opinion dated January 29, 2015.[1] The memorandum opinion dismissed Renco's fiduciary duty claims against defendant MacAndrews AMG Holdings LLC because they could not proceed in parallel with Renco's breach of contract claims based on the complex contractual relationship documented by the limited liability company agreement of the nominal defendant AM General Holdings LLC. The memorandum opinion also dismissed Renco's fiduciary duty claims and corresponding aiding and abetting claims against defendants MacAndrews & Forbes, Inc. and Ronald O. Perelman.

(2) Renco filed its application for certification to take an interlocutory appeal in the Court of Chancery on March 30, 2015. The Court of Chancery denied the certification application on April 20, 2015, among other reasons, because interlocutory review would not resolve the litigation and because, in parallel litigation, Renco had prevailed on similar grounds for which it now seeks interlocutory review. The Court of Chancery concluded that the parallel cases should be resolved applying a consistent set of principles.

(3) We agree with the Court of Chancery's reasoning. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded, for the reasons set forth by the

---

[1] *See Renco Grp., Inc. v. MacAndrews AMG Holdings LLC*, 2015 WL 394011 (Del. Ch. Jan. 29, 2015).

Vice Chancellor, that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED. Renco's April 24 letter to the Court and the appellees' motion to strike Renco's letter are therefore moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice